September 29, 2003

The Honorable Sylvester Turner
Speaker Pro Tempore
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0109

Re: Meaning of the phrase "in the custody of a peace officer" for the purposes of article 49.18, Code of Criminal Procedure (RQ-0047-GA)

Dear Representative Turner:

You ask what constitutes a death in custody for the purposes of article 49.18 of the Texas Code of Criminal Procedure.[1] At the time you originally requested the opinion of this office, article 49.18 required the investigation of the death of any person who was in the custody of a peace officer or any prisoner confined in a jail or prison, as well as the filing of a report on such an investigation with this office. See TEX. CODE CRIM. PROC. ANN. art. 49.18(b) (Vernon Supp. 2003). However, at that time, the phrase "in the custody of a peace officer" was not defined by the statute, and accordingly, as indicated by correspondence attached to your request, at least one major metropolitan police department was undertaking such investigations and filing such reports whenever police were present at a death.[2]

Senate Bill 826, adopted in 2003 by the Seventy-eighth Texas Legislature, however, includes a series of revisions to article 49.18. Among these is a set of definitions to be added as subsection (d) of the article. Subsection (d)(2) specifically addresses your question:

> (2) "In the custody of a peace officer" means:
>
> (A) under arrest by a peace officer; or
>
> (B) under the physical control or restraint of a peace officer.

Act of June 1, 2003, 78th Leg., R.S., S.B. 826, § 1 (effective Sept. 1, 2003) (to be codified at TEX. CODE CRIM. PROC. ANN. art. 49.18).

---

[1]Letter from Honorable Sylvester Turner, Speaker Pro Tempore, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Apr. 24, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Letter from Richard H. Cobb, General Counsel, Texas Fraternal Order of Police, to Dennis L. Ward, President, Texas Fraternal Order of Police, at 1 (Apr. 4, 2003) (attached to Request Letter, *supra* note 1).

Whether in any particular situation a person is under arrest or physically controlled or restrained by a peace officer is a question of fact that this office cannot determine in the opinion process. *See Dowthitt v. State,* 931 S.W.2d 244, 255 (Tex. Crim. App. 1996) (determination of whether person is in custody must be ad hoc, considering multiple circumstances); Tex. Atty. Gen. Op. No. GA-0087 (2003) at 1. However, unless the decedent is either under arrest or under the actual physical control or restraint of a peace officer, for the purpose of article 49.18, his or her death is not a death in custody.

## S U M M A R Y

Senate Bill 826, as adopted in 2003 by the Seventy-eighth Texas Legislature, amends article 49.18 of the Code of Criminal Procedure to define a death "in the custody of a peace officer" as the death of a person who is either under arrest or under the actual physical control or restraint of a peace officer.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee